UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAYLOR R. KRYSTKOWIAK,

    Plaintiff,                        Case No.:

v.

HERON FINANCIAL PARTNERS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TAYLOR R. KRYSTKOWIAK ("Plaintiff"), by and through undersigned counsel, hereby brings this action against Defendant, HERON FINANCIAL PARTNERS, INC., ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Brevard County, Florida.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates a financial services firm in Melbourne, in Brevard County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000.00 per year.

15. At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's overtime provisions under 29 U.S.C. § 213.

16. Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; he had no special or professional qualifications and skills for the explicit use of which he was employed by Defendant; and he had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

17. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

18. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## FACTS

19. Plaintiff began working for Defendant as a Licensed Sales Assistant in December 2014, and he worked in this capacity until April 2015.

20. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for all of his overtime hours at a rate equal to one and one-half times his regular hourly rate.

21. Defendant failed to pay Plaintiff an overtime premium for all of his overtime hours, in violation of the FLSA.

22. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I– FLSA OVERTIME VIOLATION

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

- a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;
- b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;
- c) An amount equal to Plaintiff's overtime damages as liquidated damages;
- d) To the extent liquidated damages are not awarded, an award of prejudgment interest;
- e) A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;
- f) All costs and attorney's fees incurred in prosecuting these claims; and
- g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ___ day of January, 2017.

Respectfully submitted,

/s/ Christopher J. Saba

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**