# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TAYLOR R. KRYSTKOWIAK,**

      **Plaintiff,**

**v.**                                      **Case No: 6:17-cv-58-Orl-22GJK**

**HERON FINANCIAL PARTNERS, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 22)** |
| **FILED:** | **May 30, 2017** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

## I. BACKGROUND.

On January 12, 2017, Plaintiff filed a complaint against Defendant, alleging unpaid overtime wages under the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. Plaintiff alleges he was employed by Defendant from December 2014 through April 2016. *Id.* at ¶ 19; Doc. No. 15 at 1.[1] On May 30, 2017, the parties filed a Joint Motion to Approve Settlement Agreement and

---

[1] In the Complaint, Plaintiff alleges that he worked for Defendant through April 2015, Doc. No. 1 at ¶ 19, but in his answers to the Court's interrogatories, he states that he worked through April 2016, Doc. No. 15 at 1. It is clear from the answers to the Court's interrogatories that the correct year is 2016, as Plaintiff states his hourly rate of pay from February 19, 2016, through April 11, 2016, which differs from his stated hourly rate of pay from February 27, 2015 through February 18, 2016. Doc. No. 15 at 2.

Incorporated Memorandum of Law (the "Motion"), requesting that the Court approve their Settlement Agreement and Release (the "Agreement") and dismiss the case with prejudice. Doc. No. 22 at 4. This matter was referred to the undersigned for a report and recommendation. For the reasons that follow, the undersigned recommends that the Court grant the Motion.

**II.      LAW.**

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")).[3] In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

> wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

307 F. App'x at 351-52. For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id*. When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[4] Thus, a potential conflict can arise between counsel and client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[5] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternative means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

---

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*. The undersigned finds this reasoning persuasive.

### III. ANALYSIS.

#### A. Settlement of Plaintiff's FLSA Claim.

This case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute. Doc. No. 22 at ¶ 12. In Plaintiff's answers to the Court's Interrogatories, Plaintiff claimed he was owed $5,240.00 in unpaid overtime. Doc. No. 15 at 2. Under the Agreement, in exchange for a general release, covenant not to sue, mutual non-disparagement agreement, and a waiver of future employment with the Defendant, Plaintiff agreed to accept a total settlement amount of $7,000.00, representing $1,572.50 in unpaid wages, $1,572.50 in liquidated damages, $250.00 as separate consideration for the Agreement's other conditions, and $3,605.00 payable to Plaintiff's counsel for attorney's fees and costs. Doc. No. 22 at 5-6. Since Plaintiff is receiving less than the amount he claimed, Plaintiff has compromised his claims under the FLSA. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she

averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Doc. No. 22 at ¶ 3. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute in order to avoid the risk of litigation. *Id.* at ¶ 5. Considering the foregoing, and the strong presumption favoring settlement, the undersigned finds the settlement amount to be fair and reasonable.

### B. Attorney's Fees.

Under the Agreement, Plaintiff's counsel will receive $3,605.00 for attorney's fees and costs. Doc. No. 22 at 6. In the Motion, the parties represent attorney's fees were negotiated separate and apart from Plaintiff's recovery. *Id.* at ¶ 11. The settlement is reasonable on its face, and the parties' foregoing representation adequately establishes the reasonableness of the attorney's fees under the Agreement. *See Bonetti*, 715 F. Supp. 2d at 1228.

### C. General Release, Covenant Not to Sue, Non-Disparagement, and Waiver of Future Employment.

The Agreement contains a general release of any and all claims Plaintiff may have against the Defendant, a covenant not to sue, a mutual non-disparagement clause, and a waiver of future employment by Plaintiff. Doc. No. 22 at 3-5. As set forth above, Plaintiff is receiving an additional $250.00 as consideration for these conditions. *Id.* at 6.

Courts within this District have questioned the propriety of such provisions when evaluating the fairness and reasonableness of FLSA settlements. With regard to general releases, U.S. District Judge Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each

> party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release—that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010). *See also Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (noting that non-disparagement clauses are generally rejected in FLSA settlement agreements and citing authority). Nevertheless, courts have approved such provisions when separate consideration is given. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13–cv–386–Orl–28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release); *Bright v. Mental Health Res. Ctr.*, No. 3:10–cv–427–J–37TEM, 2012 WL 868804, at *5 (M.D. Fla. Mar. 14, 2012) (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her).

The Agreement clearly states that consideration was given for the general release, covenant not to sue, waiver of future employment, and agreement not to disparage provisions. Doc. No. 22 at 6. In exchange for these conditions, Plaintiff is to receive $250. *Id.* In the Motion, the parties state that the separate consideration for these conditions is a material term of the settlement because Plaintiff asserted a claim in addition to the FLSA claim against Defendant in pre-suit correspondence. *Id.* at ¶ 10. As mentioned above, courts within this District have approved these conditions when Plaintiff is provided separate consideration. *See Middleton*, 2013 WL 4854767,

at *3. The parties represent that these conditions and consideration for them were negotiated separately from Plaintiff's FLSA claims and do not deprive him of any wages claimed. *Id.* at ¶ 9. Accordingly, the undersigned finds these conditions to be fair and reasonable.

## IV. <u>CONCLUSION</u>.

Based on the foregoing, it is hereby **RECOMMENDED** that the Court enter an order:

1. **GRANTING** the Motion (Doc. No. 22);
2. **DISMISSING the case with prejudice**; and
3. **DIRECTING** the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on June 1, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties